UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN A. HOLPER and KARA HOLPER,<br><br>Petitioners,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>Respondent. | Case No. 2:13-cv-00869-APG-GWF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONERS' AND RESPONDENT'S MOTIONS FOR DECLARATORY JUDGMENT**<br><br>(Dkt. Nos. 10, 16) |

I.  **BACKGROUND**

On July 4, 2012, petitioner Steven A. Holper suffered severe injuries to his lower body while attempting to repair the rear portion of his boat; the boat's motor somehow was placed in reverse gear and the boat ran over him. Steven and his wife Kara Holper (collectively, "Petitioners") assert that Kara was operating the boat at the time and that she accidentally slipped the gear shift into reverse. Respondent Ace American Insurance Company ("Ace"), with whom Steven had liability insurance for his boat, contends that Kara was not operating the boat, implying that either another passenger was in control of the boat or the accident resulted from a mechanical failure of some sort. Either way, as explained below, precisely who was in control of the boat at the time of the accident is immaterial for purposes of this case.

After the accident, Steven demanded coverage for his bodily injuries, and Kara demanded coverage for loss of consortium due to Steven's severe injuries and resulting disability. Ace denied Steven's claim on the basis of a policy exclusion which denies coverage if injury to the named insured (Steven) is caused by a person to whom Steven granted express permission to operate the boat. The basis for the denial of Kara's claim is unclear, but immaterial for the instant purposes.

In relevant part, Steven's insurance policy with Ace (the "Policy") provides the following: "'Covered Person' is defined as you [Steven Holper, the named insured], or any person . . . operating the Insured Vessel[1] . . . with your direct and prior permission."[2] In the section titled "PART B: LIABILITY COVERAGE, PERILS INSURED AGAINST," the Policy provides: "We will pay sums that a Covered Person becomes legally obligated to pay as a result of the . . . operation . . . of the Insured Vessel because of: . . . bodily injury or loss of life[.]"[3] The next section, "EXCLUSIONS," purports to limit this coverage: "We do not provide coverage under PART B: LIABILITY COVERAGE for: a. liability of other Covered Persons to you or any Resident Relative[.]"[4]

In May 2013, Petitioners filed a petition for declaratory relief in Nevada state court (the "Petition").[5] They argue first that the exclusion which Ace relied upon to deny liability coverage to Steven was not expressly approved by Steven, as is required for exclusions denying liability coverage from any named insured to "another named insured" or to "any member of the household" in policies of "motor vehicle insurance covering a private passenger car."[6] Petitioners next argue that even if express approval of the exclusion was not required, the exclusion is ambiguously phrased and should be construed against the drafter (Ace) such that the exclusion does not preclude coverage to Steven. Petitioners' ambiguity argument is confusing, but they seem to contend that the term "other" in the exclusion must refer to someone aside from Kara because the Policy mentions Kara (not by name but as a "resident relative") on an earlier page of the Policy. Accordingly, they assert, liability from Kara to Steven is not within the exclusion.

In their Petition and their Motion for Declaratory Relief, Petitioners request the following declaratory relief:

---

[1] The parties agree that the boat at issue in this case is the "insured vessel."
[2] (Dkt. No. 1-1 at 25.)
[3] (*Id.* at 28.)
[4] (*Id.*)
[5] (Pet. for Declaratory Relief, Dkt. No. 1-1 at 10–18.)
[6] NRS § 687B.147.

   a. That . . . STEVEN is the "Named Insured" under the terms of the policy;

   b. That . . . KARA is a "Covered Person" under the terms of the policy;

   c. That . . . KARA is entitled to indemnification under the policy as a Covered Person;

   d. That Exclusion **a.** under PART B: LIABILITY COVERAGE does not apply to . . . KARA as a Covered Person under the policy;

   e. That Exclusion **a.** under PART B: LIABILITY COVERAGE does not bar coverage to . . . STEVEN for bodily injuries he sustained in a boating accident that occurred on or about July 4, 2012;

   f. That . . . ACE's conduct . . . is unreasonable;

   g. That . . . ACE's conduct . . . is deceptive;

   h. That . . . ACE's conduct . . . is misleading;

   i. That . . . ACE's conduct . . . violates the implied covenant of good faith and fair dealing owed to the Petitioners.[7]

Ace responded with a counter-motion for declaratory relief, seeking a declaration that the Policy is unambiguous.[8] Alternatively, if I determine that the Policy is ambiguous, Ace requests 90 days to conduct discovery to determine whether Kara actually caused Steven's harm.

On June 11, 2014, I entered a minute order informing the parties under Rule 56(f) that I am considering entering summary judgment on the entire case because it appears there are no genuine issues of material fact.[9]

## II.  ANALYSIS

### A.  Standard of Review

In an action seeking a declaratory judgment, a motion for declaratory judgment must be construed as a motion for summary judgment under Rule 56.[10] The Federal Rules of Civil

---

[7] (Dkt. No. 1 (Pet. ¶ 40); Dkt. No. 10 at 6:11-22..)

[8] (Dkt. No. 16.)

[9] (Dkt. No. 34.)

[10] *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA), Inc.*, 560 F.3d 935, 943 (9th Cir. 2009).

Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11]  Material facts are those that may affect the outcome of the case.[12]  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.[13]  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor."[14]  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."[15]

In determining summary judgment, courts apply a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."[16]  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the

---

[11] Fed. R. Civ. P. 56(a).

[12] See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[13] See *id.*

[14] *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[16] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

burden of proof at trial.[17] If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence.[18]

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.[19] To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."[20] In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data.[21] Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.[22]

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial.[23] The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor."[24] But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted.[25]

**B.     NRS § 687B.147 Does Not Preclude Enforcement of the Exclusion**

Petitioners argue that Ace failed to comply with NRS § 687B.147, and thus the exclusion cannot be enforced. Ace correctly contends, however, that this section of the Nevada Insurance

---

[17] See Celotex, 477 U.S. at 323–24.

[18] See Adickes v. S.H. Kress & Co., 398 U.S. 144, 159–60 (1970).

[19] See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

[20] T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

[21] See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

[22] See Celotex, 477 U.S. at 324.

[23] See Anderson, 477 U.S. at 249.

[24] Id. at 255.

[25] See id. at 249–50.

Code[26] does not apply to liability policies for boats. Petitioners contend, without any legal support, that the phrase "motor vehicle insurance covering a private passenger car" must be broadly interpreted to include boats. This statute does not define "motor vehicle" or "private passenger car," and I must therefore give these phrases their plain, ordinary meaning.[27] Although "motor vehicle" is a broad term which reasonably includes boats and other watercraft, the ordinary meaning of "private passenger car" does not include boats, as cars are commonly understood to be vehicles that travel on land.

That the Nevada Legislature decided not to define these phrases in NRS § 687B.147 strongly indicates that their plain meaning governs. These phrases are specifically defined in other sections of the Insurance Code, albeit only for purposes of those sections.[28] Consequently, those specific definitions do not govern the interpretation of NRS § 687B.147.

The requirements under NRS § 687B.147 for policy exclusions does not apply to liability policies for boats. In other words, NRS § 687B.147 does not render the exclusion unenforceable.

### C. The Exclusion is Not Ambiguous

Whether the exclusion is ambiguous is a question of law that I may decide on a motion for summary judgment.[29] Under Nevada law, "any ambiguity or uncertainty in an insurance policy must be construed against the insurer and in favor of the insured."[30] "[I]n order for an insurer to effectively limit its contractual obligations, the insurance policy's language must unambiguously convey the insurer's intent to do so."[31] "A policy provision is ambiguous when it is capable of two or more constructions[,] both of which are reasonable."[32] "When a provision in an insurance

---

[26] Nevada Revised Statutes, Title 57, Chapters 679A–697.

[27] *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2002 (2012) ("When a term goes undefined in a statute, we give the term its ordinary meaning.").

[28] NRS §§ 686A.700(4), 687B.145(6)(b), 690B.042(4).

[29] *Jaynes Corp. v. Am. Safety Indem. Co.*, 925 F. Supp. 2d 1095, 1103 (D. Nev. 2012); *Ins. Corp. of Am. v. Rubin*, 818 P.2d 389, 390 (Nev. 1991).

[30] *Benchmark Ins. Co. v. Sparks*, 254 P.3d 617, 621 (Nev. 2011).

[31] *Id.*

[32] *Jaynes*, 925 F. Supp. 2d at 1103.

policy is ambiguous, the provision should be construed to effectuate the reasonable expectations of the insured."[33] However, "[a]bsent the finding of an ambiguity in the policy, the reasonable expectations doctrine does not help [the insured]."[34]

I find no ambiguity in the exclusion, which states that coverage is not provided for "liability of other Covered Persons to you[.]"[35] "Covered person" has only two definitions: (1) "you," obviously referring to Steven; and (2) "any person . . . operating the Insured Vessel . . . with your direct and prior permission."[36] In other words, "covered persons" are Steven and anyone to whom he gave express permission to operate the boat. Because Steven cannot be liable to himself (and thus the term "other Covered Persons" in the exclusion cannot refer to him), that term must refer to the only other category of "covered persons": anyone operating the boat with Steven's express permission. If Kara was operating the boat with Steven's express permission, as Petitioners assert, then Kara was a Covered Person and the Policy does not cover her potential liability to Steven for injuring him. This is the only reasonable construction of the exclusion, in light of the Policy as a whole. There is no basis upon which the exclusion could be reasonably constructed such that "other Covered Persons" would include anyone to whom Steven granted express permission to operate the boat except for his wife Kara.

If Kara was not operating the boat, there are only two other possible causes of Steven's injury—either another of the two passengers was operating the boat or the boat's transmission slipped into reverse by mechanical malfunction. If another passenger was operating the boat with Steven's express permission, that passenger would have been a "Covered Person" and the possible liability of that person to Steven would fit within the exception (as described above in reference to Kara). If another passenger was operating the boat *without* Steven's express permission, that individual would not be a "Covered Person" and the Policy's liability coverage

---

[33] *Benchmark*, 254 P.3d at 622 (internal quotation marks and citation omitted).

[34] *Farmers Ins. Exch. v. Young*, 832 P.2d 376, 379 n.3 (Nev. 1992).

[35] The alleged injury was not to a resident relative, so the clause "or any Resident Relative" is immaterial.

[36] (Dkt. No. 1-1 at 25.)

would not be triggered (and thus the exception would be irrelevant). Likewise, the Policy's liability coverage is not triggered by mechanical malfunction.[37] Accordingly, whether Kara was operating the boat at the time of the injury is immaterial for purposes of determining whether Steven has coverage under the Policy. The result is the same; the Policy's liability coverage does not provide coverage for Steven's injuries, whether caused by Kara, another passenger, or mechanical malfunction. Therefore, Ace's Countermotion for Declaratory Judgment is granted to the extent it seeks a declaration that the exclusion language in the Policy is unambiguous.

### D. Requests for Declaratory Relief

In light of the exclusion's validity, I individually address each of Petitioners' requests for declaratory relief.

#### 1. That STEVEN is the "Named Insured" under the terms of the policy.

There is no dispute that Steven is the Named Insured under the Policy. Therefore, I declare that Steven is the Named Insured under the Policy.

#### 2. That . . . KARA is a "Covered Person" under the terms of the policy

Whether Kara is a "Covered Person" is a genuine, yet *immaterial*, dispute of fact. Therefore, I must deny this request for declaratory relief as moot.[38]

#### 3. That KARA is entitled to indemnification under the policy as a Covered Person

I must deny this request. Even if Kara were a Covered Person, she would not be entitled to indemnification for injuries caused to Steven, by operation of the exclusion.

#### 4. That Exclusion a. under PART B: LIABILITY COVERAGE does not apply to KARA as a Covered Person under the policy

For the reasons set forth above, I deny this request. If Kara were a Covered Person, the exclusion would apply to her.

---

[37] (*See id.* at 28.)

[38] *See* FED. R. CIV. P. 56(a).

**5.     That Exclusion a. under PART B: LIABILITY COVERAGE does not bar coverage to STEVEN for bodily injuries he sustained in a boating accident that occurred on or about July 4, 2012**

Likewise, the exclusion does bar coverage to Steven for the injuries he sustained in the July 4, 2012 boating accident. This request is denied.

### 6.     The "Bad Faith" Declarations

Petitioners' four remaining requested forms of declaratory relief seek to have me declare that Ace has committed insurance bad faith. That claim for relief requires Petitioners to prove objective and subjective unreasonableness by Ace. Under Nevada law, "[b]ad faith is established where the insurer acts unreasonably and with knowledge there is no reasonable basis for its conduct."[39] There are no alleged facts upon which I could reasonably infer that Ace committed bad faith, let alone any evidence to support those missing allegations. I therefore have no grounds to declare that Ace has committed insurance bad faith.[40]

### E.     Disposition of the Entire Case

Although neither party has moved for summary judgment on the entire case, my previous notice under Rule 56(f) entitles me to so order. Because Petitioners' only claim for relief is declaratory judgment, and the unambiguous nature of the exclusion renders it impossible to grant declaratory judgment in Petitioners' favor, summary judgment in Ace's favor is appropriate. There are no questions of material fact that would require a trial, and Petitioners' claim fails as a matter of law.[41]

## III.  CONCLUSION

In accord with the above, I hereby ORDER:

---

[39] *Guar. Nat'l Ins. Co. v. Potter*, 112 Nev. 199, 206 (1996).

[40] *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *C.A.R. Transp. Brokerage*, 213 F.3d at 480.

[41] *See* FED. R. CIV. P. 56(a).

1. Petitioners' motion for declaratory judgment[42] is GRANTED IN PART and DENIED IN PART. Steven A. Holper is the "Named Insured" under the Yachtsman/Boatsman policy he maintained with Ace American Insurance Company (policy no. YKR Y08598964). All other requests for declaratory relief are denied.

2. Ace American Insurance Company's motion for declaratory relief[43] is GRANTED IN PART and DENIED IN PART. Exclusion "a" on page 4 of the Policy[44] is unambiguous. The Court need not determine whether the entire Policy is unambiguous.

3. Summary Judgment is entered in favor of Ace American Insurance Company.

The Clerk of Court shall enter judgment accordingly and close this case.

DATED this 27th day of June, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[42] (Dkt. No. 10.)
[43] (Dkt. No. 16.)
[44] (Dkt. No. 1-1 at 28.)